No. 770

INGERSOLL v. MITCHELL

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5448. Decided April 13, 1925

683. JURY—Misapprehension of facts on part of, is question to be determined by reviewing court as to whether or not verdict is manifestly against the evidence.

147. BILLS AND NOTES—So-called over payment on note of more than $100 than actual amount due, by one who would most naturally know of such over payment, is important factor in concluding misapprehension of facts on part of jury.

SULLIVAN, J.

F. S. Ingersoll sued Leo Mitchell on a note in the Cuyahoga Common Pleas the subject matter of which was a tractor alleged to have been retained by Mitchell during the spring and two fall seasons following.

Mitchell's answer set up a failure of consideration for the note claiming that the tractor sold to him was practically worthless and that it was of no use to him whatsoever. Two juries decided in favor of Ingersoll's contention but the first verdict was set aside by the court without any reason therefore appearing of record, although it was claimed the court stated it was because of a miscarriage of justice and was clearly and manifestly against the weight of the evidence.

In this case judgment was rendered in favor of Mitchell and Ingersoll prosecuted error to the Court of Appeals and contended that the judgment was against the weight of the evidence and that the charge of the court was misleading and confusing thereby being prejudicial to his rights. The Court held:

1. In order for a reviewing court to determine whether or not a verdict is clearly and manifestly against the weight of the evidence, it must appear that there has been some misapprehension of the facts on part of the jury, or the law on part of the court.

2. Facts brought out that the note was given for the tractor; that the tractor remained in the possession of Mitchell for a far more than reasonable time; and that Mitchell made a payment of $200 to Ingersoll which was more $100 than the amount actually due, so 'that the verdict below was rendered in face of the facts.

3. It cannot be agreed that with the existence and execution of the note, the delivery and retention, and use of the tractor, that Mitchell unconsciously paid over $100 more than he owed when it would be most natural for him to know that a large over payment of his indebtedness was being made.

4. If Mitchell's theory of no sale expecting the condition that the tractor be satisfactory were correct, it was a violent presumption considering the circumstances in the case, that he had to depend upon a jury to determine that he had made an over payment of more than $100.

5. Ingersoll could not have accepted the over payment, in absence of any understanding to the contrary, without assuming that the so-called over payment was made for the purpose of being applied to the payment of the tractor.

6. Facts point strongly to the inconsistency of the verdict and the logical result seems to be a misapprehension of the facts on part of the jury.

Judgment of Common Pleas reversed and cause remanded.

Attorneys—Guthery, Guthery, Binyon and Williams for Ingersoll; W. K. Gardner for Mitchell; all of Cleveland.